Curia, per

O’Neall, J.
In this case, this Court is satisfied with the instructions of the Judge below to the jury.
The only point on which it is proposed to make any additional remarks, is that assumed by the defendant’s counsel here, that the scienter laid in the declaration, was an immaterial averment, and need not be proved.
There is no doubt that where a declaration contains an averment which is foreign to the cause, and which may be rejected as surplusage, that it need not be proved. Bristow vs. Wright, (Doug. 667.) The application of this rule will be seen, by referring to Pappin vs. Solomon, (5 T. R. 496.) The action there was on a policy of insurance on a ship “at and from London to -, and thence back again to London.”
The declaration averred, that after making the policy, to wit: — on the 10th of August, 1792, the ship was in safety at London. She sailed before the policy was executed, and was lost on her return voyage: it was held that the averment was immaterial. For it was in no wise connected with the right of the plaintiff to recover, or the liability of the defendant. So, too, in Williamson vs. Allison, (2 E. 446,) the action was a warranty, and it was held, that the averment of the scienter was immaterial.
That proceeded upon the ground, that the gist of the action was the breach of the warranty.
In it, I think Laurence, J., stated the true rule when he said, “if the whole of an averment may be struck out without destroying the plaintiff’s right of action, it is not necessary to *prove it. But otherwise, if the whole cannot be struck out without getting rid of a part essential to the cause of action; for then, though the averment be more particular than it need have been, the whole must be proved, or the plaintiff cannot recover.”
In the case before us, is the scienter a material or immaterial averment ? I think there can be no doubt that it is a material one. The three last counts are the only ones upon which the plaintiff’s proof raises a question to be met by the defendant. The charge in the fourth count, without the scienter, would be, that the defendant received the slave of the plaintiff. It cannot be intended, that standing thus, the plaintiff could recover; for there is nothing unlawful or prejudicial to the plaintiff, in barely receiving his slave. A man may lawfully retain the possession of another’s goods, which he finds, until the owner demands them. So, too, if one is in the possession of the goods of another, and makes no use of them, and sets up no claim to them, it could not be pretended that an *242 action could be maintained. Stripped of the scienter, there is nothing in that count which could maintain it. Take the fifth and sixth counts, in connection with the proof, and take away the scienter, and the defendant has merely, (in the discharge of a legal duty, arising out of facts then supposed to be true, and which afterwards turned out to be false,) done an act which did not prejudice the plaintiff. For at the time the certificate of freedom was given, the negro had been, for nearly four years, out of his master’s possession, and more than one hundred and fifty miles from him. The most that can be said is, that the defendant’s certificate was founded in a mistake of facts. If he acted bona fide, he could not be liable, This makes the scienter the gist of the action. — ■ These views, it seems to me, sufficiently dispose of the argument that the averment was immaterial. But I am disposed to look a little further into the case. I have no doubt, as I said on the circuit, if the plaintiff had added a count to his declaration, in Trover, he might have recovered for the month’s work done for the defendant, by the slave, in ’35. For that might have been a conversion by the use of the slave for that time. But in the absence of such a count, the plaintiff had no pretence to recover in this case. So far as this action was concerned, the defendant was chargeable exactly upon the *principles which would charge a man in England for the employment of the servant of another, or for continuing such employment after notice. In both cases, the scienter must be alleged and proved. Blake vs. Langon, (6 T. Rep. 221.) The reason why this is so in this action, is because the action does not so much rest upon the right of property, as it does upon the relation of master and servant. For the violation of that relation, no action, in general, lies, unless knowledge is brought home to the defendant. Looking to the injury done to the right of property, it would be redressed by an action of Trover, or by an action of Assumpsit for the wages of the slave, while working for the defendant. To neither of these actions, would the payment of the wages to the slave, be any defence. For in law, he had no right to receive them. But the action before us claims a higher consideration; it is, that the defendant, knowing the relation of master and slave, chose to violate it in the manner pointed out in the declaration. This makes an entirely distinct case, and if the proof does not support it, the plaintiff cannot recover. The case of Quay vs. McNinch, (2 Con. R., by Mill, 78,) goes much further than I go in this case. For it holds, that where a defendant hired a negro reputed to be free, and found in a state of freedom, that trover would not lie for his use. That case, however, makes this position undeniable. That to entitle the plaintiff, here, to recover, it was essential to show that the defendant knew the negro to be a slave.
Cited 4 Rich. 475; 1 Rich. 324; see as to surplusage—4 Rich. 297; 2 Strob. 273, 278. An.
The motion for a new trial is dismissed.
The whole Court concurred.